IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

TEJA RAVI,

           Plaintiff-Appellant,

      v.

UNITED STATES,

           Defendant-Appellee.

No. 2022-1559

RESPONSE TO PLAINTIFF-APPELLANT'S UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE CORRECTED JOINT APPENDIX

This is a case challenging a certified undercover law enforcement operation. The United States Court of Federal Claims dismissed the claims of the plaintiff-appellant, Teja Ravi, for lack of subject matter jurisdiction.  The matter is now on appeal before this Court and fully briefed.  The parties are required to remit a joint appendix of record materials cited in their briefs.  But recently, on December 28, 2022, the Court rejected the parties' proposed joint appendix for noncompliance, partly on the ground that certain documents contained a long series of redactions. Court Order, ECF No. 48.

Four days later, on January 1, 2023, Mr. Ravi filed a document entitled "Plaintiff's First Unopposed Motion For An Extension Of Time To File A

Corrected Joint Appendix." Mot. For Ext. of Time, ECF No. 49 (hereafter, Mot.).

In that motion, Mr. Ravi requested an additional 60 days, to and including March

6, 2023, to file a corrected joint appendix on the ground that his counsel is "unable

to file a corrected Joint Appendix that adheres to the rules of this Court." *Id*. at 1.

Mr. Ravi's counsel contends that some of the documents included in the joint

appendix have been "heavily redacted," and she thus cannot "make representations

regarding the confidential material that has been deleted" because the content of

the redacted information is "only available to the Government." *Id*. at 2. And

because she is "unaware of the general descriptors of redacted information," Mr.

Ravi's counsel claims that it is "impossible" for her "to adhere to the Court rules"

until she receives "complete clarification of the descriptors and much of the other

information need[ed] to comply." *Id*. at 3. Mr. Ravi's counsel also writes that the

added time would allow the parties to "confer regarding settlement." *Id*.

We provide this response for three reasons.

First, Mr. Ravi's 60-day extension request incorrectly states that the request

is "unopposed." Mr. Ravi never obtained our position on his 60-day extension

request, nor did he obtain our position as to any of the substance he provides in

support of his motion. As background, Mr. Ravi filed his extension request on

Sunday, January 1, 2023, at 11:18 pm. The first time Mr. Ravi's counsel disclosed

to us that she planned to seek a 60-day extension was via email to undersigned

counsel was at 8:14 pm that same day, *i.e.*, three hours before her Sunday evening filing. Given the timing of that communication, and the short turnaround, undersigned counsel never saw (much less responded to) Mr. Ravi's counsel's email and was thus never afforded a chance to offer a position on that request. It is thus incorrect for Mr. Ravi to state that we would not oppose his 60-day enlargement request.

Mr. Ravi may have been confused by a line of email communications that occurred between counsels a few days beforehand. In that sequence, which began on Thursday, December 29, 2023, Mr. Ravi's counsel expressed confusion about what the parties must do to comply with the Court's order rejecting the parties' joint appendix for noncompliance. She then asked for our consent to an extension request but did not specify what amount of time she wished to seek. That same day, in an effort to make headway on filing the joint appendix, undersigned counsel communicated with the clerk's office and obtained clarification as to how the parties should proceed. Undersigned counsel then responded to Mr. Ravi's counsel, informing her what he had been informed by the clerk's office, and expressing his belief that an extension was unnecessary because correcting the appendix appeared to be a "simple fix." In the spirit of cooperation, however, undersigned counsel said that we would be willing to "consent to a short extension to make sure we're on the same page." Perhaps Mr. Ravi understood our consent

to a "short extension to make sure we're on the same page" to be synonymous with a consent to a 60-day extension request. If so, that belief was mistaken, and we thus feel it necessary to offer this response.[1]

The second reason for our response is to clarify some of Mr. Ravi's substantive misstatements in support of his motion. Mr. Ravi's counsel claims that it is "impossible" for her "to adhere to the Court rules" in filing the joint appendix because she cannot make representations about redacted materials in the parties' joint appendix. She insists that she is "unaware of the general descriptors of redacted information." But that is incorrect. As we explained to the trial court and Mr. Ravi's counsel before filing the relevant undercover investigation documents, most of the information redacted pertains to *another* "larger undercover operation, which is *ongoing* and unrelated to the facts giving rise to Mr. Ravi's case." Trial Court Docket, ECF No. 28 (emphasis added).[2] Indeed, the disputed documents are

---

[1] There was one email communication on the afternoon of Friday, December 30, 2022, where Mr. Ravi's counsel asked whether we would consent to a 14-day extension request. Undersigned counsel was on pre-scheduled leave that day and most of that weekend tending to a personal matter. Had Mr. Ravi's counsel given us sufficient time to respond to that email prior to filing her motion for a 60-day extension on Sunday, January 1, 2023, undersigned counsel would have consented to that more reasonable request, and responsive briefing could have been avoided.

[2] The nominal remainder of the information redacted pertains to "agency techniques and procedures for undercover operations." Trial Court Docket, ECF No. 28. As we informed the trial court, none of the redacted materials are relevant to Mr. Ravi's legal challenge. *Id*. at 4.

clearly and originally marked "LAW ENFORCEMENT SENSITIVE" in dark

bolded text across the bottom of each page, demonstrating that there should be no

confusion about the content of these documents or the reason for the targeted

redactions.

Perhaps most important, Mr. Ravi never challenged any of our law

enforcement privilege designations or their corresponding redactions before the

trial court,[3] meaning he has not preserved any such grievance for appeal. *See Pavo*

*Sols. LLC v. Kingston Tech. Co., Inc.*, 35 F.4th 1367, 1380 (Fed. Cir. 2022) ("This

court has regularly stated and applied the important principle that a position not

presented in the tribunal under review will not be considered on appeal in the

absence of exceptional circumstances." (internal citations and quotations omitted)).

Nor, in any event, did Mr. Ravi present that issue in any of his briefs before *this*

Court, meaning any dispute on the matter is now waived. *See Carbino v. West*,

168 F.3d 32, 34 (Fed. Cir. 1999) ("[C]ourts have consistently concluded that the

---

[3] Before the trial court, Mr. Ravi did generally dispute the necessity for a protective order in his lawsuit. Trial Court Docket, ECF No. 22. But we explained that a protective order was necessary so the parties could make "provisional" designations over law enforcement documents, given that the case concerned an undercover investigation and operation. Trial Court Docket, ECF No. 28. We further added, however, that Mr. Ravi could at any time challenge our law enforcement privilege designations if he believed them to be unreasonable or unwarranted. *Id*. at 4. Mr. Ravi never challenged any of our designations before the trial court. Nor, for that reason, did the court assess any such challenge from Mr. Ravi.

failure of an appellant to include an issue or argument in the opening brief will be deemed a waiver of the issue or argument." (citing *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990)).  At bottom, these documents in their redacted form are the same documents that were presented to (and considered by) the trial court in rendering its decision.  Mr. Ravi provides no explanation as to why the appellate record in this case should be any different.

Against this backdrop, it is unclear why Mr. Ravi believes the parties need an additional 60 days to file a corrected joint appendix in this case.  The explanation of the redactions set forth above is the same explanation undersigned counsel provided to the clerk's office on December 29, 2022, after it rejected the parties' joint appendix for noncompliance.  Upon providing that explanation, the clerk's office informed undersigned counsel that the parties should put that explanation in the table of contents to the joint appendix to clarify the matter.  Upon receiving that guidance, undersigned counsel relayed what he had been told to Mr. Ravi's counsel, noting that this seemed like a "simple fix" without the need for any extension whatsoever.  We stand by that position.  But in the spirit of cooperation, we are agreeable to a 14-day extension of time to ensure that the parties are "on the same page."

Third, Mr. Ravi states several times that the added time will aid the parties in settlement discussions.  Mot. at 3.  There are no such discussions.  The primary

issue before the Court is a matter of law as it relates to the jurisdiction of the Court of Federal Claims.  The case is now fully briefed and nearly ready for adjudication, and there is no reason to further delay this case.

For these reasons, we respectfully request that the Court deny Mr. Ravi's motion for a 60-day extension of time to file a corrected joint appendix in this case. As stated above, however, we do not oppose an extension of 14 days to file a corrected joint appendix.

<div style="margin-left:50%;">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

/s/ Eric P. Bruskin
ERIC P. BRUSKIN
Assistant Director

/s/ Meen Geu Oh
MEEN GEU OH
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tele:  (202) 307-0184

</div>

Dated: January 3, 2023          *Attorneys for Defendant-Appellee*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion complies with the Rules of this Court in that it contains 1,570 words including text, footnotes, and headings. This is within the limit of 5,200 words set by Federal Rule of Appellate Procedure (FRAP) Rule 27(d)(2)(A). The motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

<table>
<tr><td></td><td>/s/Meen Geu Oh</td></tr>
<tr><td>Dated: January 3, 2023</td><td>MEEN GEU OH</td></tr>
</table>